# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KERWYN FYFE,<br><br>*Plaintiff*,<br><br>-v-<br><br>CARSON JACKSON and<br>PRIME PATH ENTERPRISES, LLC,<br><br>*Defendants*. | Civil Case No.:  2:26-cv-01029-RMG<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff, by and through undersigned counsel, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of the State of South Carolina.

2. Defendant Carson Jackson ("Jackson") is a citizen and resident of the State of Georgia.

3. Defendant PRIME PATH ENTERPRISES, LLC ("Prime") is a citizen and resident of the State of South Carolina. At all times material to this action, Prime was doing business as Prime Path Enterprises, LLC, USDOT number 4343957.

4. On the day of the subject crash, PRIME was a federally-regulated motor carrier subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 350–399.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Charleston Beach, South Carolina, within the Charleston Division of this Court.

## FACTUAL ALLEGATIONS

7. On November 17, 2025, Plaintiff was lawfully operating a passenger motor vehicle north on Savage Road in Charleston, South Carolina.

8. At all material times, Jackson was operating a commercial vehicle owned, leased, maintained, controlled, and/or dispatched by Prime.

9. Jackson, who was also driving northbound on Savage Road, was following too closely at an unsafe speed and crashed into the rear of Plaintiff's vehicle.

10. Plaintiff had no reasonable opportunity to avoid the collision, which was caused solely by Jackson's unsafe and unlawful maneuver.

11. As a direct and proximate result of the collision, Plaintiff sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

12. Jackson knew or should have known that following too closely by commercial drivers present a high probability of severe injury or death and failed to implement, enforce, or supervise basic safety rules, including compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs").

## FIRST CAUSE OF ACTION

(Negligence Against Defendant Jackson)

13. Plaintiff adopts and realleges the preceding paragraphs.

14. Jackson owed Plaintiff a duty to operate his commercial motor vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

15. Jackson breached that duty by, among other things:

    a. Following too closely is an unsafe and prohibited maneuver;
    b. Driving at an excessive speed;
    c. Failing to yield the right-of-way to Plaintiff's vehicle;
    d. Failing to maintain a proper lookout;
    e. Failing to account for the known limitations of his commercial vehicle;

    f.    Operating the vehicle carelessly and recklessly.

16. As a direct and proximate result of Jackson's negligence, Plaintiff sustained the injuries and damages described below.

## SECOND CAUSE OF ACTION

(Negligence *Per Se* Against Defendant Jackson)

17. Plaintiff adopts and realleges the preceding paragraphs.

18. Jackson violated applicable South Carolina traffic statutes governing safe distance between vehicles.

19. Jackson further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

20. These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

21. Jackson's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

22. Prime is vicariously liable for the negligence *per se* of its employee and agent, Jackson.

## THIRD CAUSE OF ACTION

(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant Jackson)

23. Plaintiff adopts and realleges the preceding paragraphs.

24. In addition to the foregoing acts of negligence and negligence *per se*, Jackson's conduct constituted recklessness, willfulness, and wantonness.

25. Jackson knowingly followed too closely that posed an extreme and obvious risk to the public.

26. Jackson knowingly drive the commercial vehicle at an excessive and unsafe speed for the existing traffic conditions.

27. Jackson's conduct demonstrated a conscious disregard for the safety of others.

28. Plaintiff is entitled to punitive damages pursuant to South Carolina law.

29. Prime is vicariously liable for the reckless, willful, and wanton conduct of its employee and agent, Jackson.

30. As a direct and proximate result of Jackson's reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION

(Vicarious Liability, Respondeat Superior Against Defendant Prime)

31. Plaintiff adopts and realleges the preceding paragraphs.

32. Jackson was acting within the course and scope of his agency or employment with Prime at all relevant times.

33. Prime is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, Jackson.

## FIFTH CAUSE OF ACTION

(Negligent Hiring, Training, Supervision, And Retention Against Defendant Prime)

34. Plaintiff adopts and realleges the preceding paragraphs.

35. Prime owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including Jackson.

36. Prime breached these duties by hiring and retaining Jackson despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

37. Prime further breached that duty by failing to ensure Jackson was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including improper lane change.

38. Prime also failed to adequately supervise and monitor Jackson's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

39. Plaintiff is entitled to recover actual and punitive damages against Prime for its direct negligence.

### SIXTH CAUSE OF ACTION

(Negligent Entrustment Against Defendant PRIME)

40. Plaintiff adopts and realleges the preceding paragraphs.

41. Prime entrusted Jackson with a tractor-trailer despite knowing or having reason to know he posed an unreasonable risk of harm to others.

42. Plaintiff is entitled to recover actual and punitive damages against Prime for its direct negligence.

### SEVENTH CAUSE OF ACTION

(Negligent Maintenance, Policies, and Safety Management Against Defendant Prime)

43. Plaintiff adopts and realleges the preceding paragraphs.

44. Prime failed to implement and enforce adequate safety policies governing route planning, turning maneuvers, and urban driving.

45. Prime violated its duties under 49 C.F.R. § 390.3(e) and related FMCSRs.

46. Plaintiff is entitled to recover actual and punitive damages against Prime for its direct negligence.

### DAMAGES

47. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

   a. Past and future medical expenses;
   b. Past and future pain and suffering;
   c. Mental anguish and emotional distress;
   d. Loss of enjoyment of life and impairment;
   e. Permanent injury, permanent scarring and disability;

      f. Lost wages and loss of earning capacity;
      g. Household services and other out-of-pocket expenses;
      h. Pre- and post-judgment interest as allowed by law; and

48. Punitive damages for reckless, willful, and wanton conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/*s*/ *James G. Biggart II*

JAMES G. BIGGART II, ESQ.
South Carolina Bar No. 106477
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

March 5, 2026
Charleston, South Carolina